|   |   |
|---|---|
| Kenneth Rulapaugh, | CIV-07-826-PHX-ROS (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Plaintiff Kenneth Rulapaugh filed this civil rights action pursuant to 42 U.S.C. § 1983 against various officials of the Maricopa County Sheriff's Office. Currently pending before the Court is Plaintiff's "request for legal attorney 'assistants' and postponement to [consult] with him" (Doc. #70). Plaintiff is apparently requesting that the Court either (1) appoint him an attorney to assist him in this matter, or (2) stay this action for an unspecified period of time while he attempts to retain counsel.

As to Plaintiff's request for counsel, there is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. See Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d

1  952, 954 (9th Cir. 1983)).  The Court must review both of these factors together in deciding
2  whether or not to appoint counsel.  See id.
3      In this matter, Plaintiff has failed to demonstrate an inability to articulate his claims
4  in light of the complexity of the legal issues.  Currently pending before the Court is
5  Defendants' Motion to Dismiss (Doc. #41).  Plaintiff has demonstrated by his Response to
6  that motion his ability to articulate his claims in light of the complexity of the legal issue
7  (Doc. #43).  Additionally, Plaintiff has not shown a likelihood of success on the merits of his
8  claims, particularly in light of the fact that a dispositive motion has been filed based upon
9  Defendants' assertion that Plaintiff did not exhaust his administrative remedies before
10 commencing this action (Doc. #41).  Having failed to establish exceptional circumstances,
11 Plaintiff's motion for appointment of counsel will be denied without prejudice to renew
12 should exceptional circumstances later arise.
13     Plaintiff's request for stay will also be denied.  This matter has been ongoing for more
14 than a year-and-a-half, and the parties have just commenced the discovery process.
15 Postponing this litigation any longer would not serve the interests of justice.  Further,
16 Plaintiff's contention that he has little spare time to devote to this litigation is unpersuasive,
17 as demonstrated by Plaintiff's prolific filings in this matter.
18     Accordingly,
19     **IT IS ORDERED** that Plaintiff's "request for legal attorney 'assistants' and
20 postponement to [consult] with him" (Doc. #70) is **DENIED**.
21     DATED this 15th day of December, 2008.

Michelle H. Burns
United States Magistrate Judge