IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Kenneth Rulapaugh, ) | CIV-07-826-PHX-ROS (MHB) |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Maricopa County Sheriff's Office, et al., ) |  |
| Defendants. ) |  |

Pending before the Court is Plaintiff's "request for right to attorney under civil right of a victim" (Doc. #120). Plaintiff's latest request indicates that "without assistance of counsel, any and all questions to Plaintiff before, now, or at any time, are in violation to Plaintiffs [sic] Arizonas' [sic] civil rights as a victim of a violant [sic] crime ... ."

There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. See Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors together in deciding whether or not to appoint counsel. See id.

1  Plaintiff apparently believes that, as a victim of an alleged crime, he is entitled to
2 assistance of counsel in his civil lawsuit against the remaining detention officer Defendants
3 in this case. Plaintiff cites to the Arizona constitutional provisions which set forth victim's
4 rights in the State. While it is true that Arizonans have rights as a victim of a crime, the
5 instant matter is a civil action which does not implicate Plaintiff's rights under the Victim's
6 Bill of Rights that Plaintiff references. Further, A.R.S. § 8-416, which provides certain rights
7 to victims of crimes committed by juvenile offenders, including the right to be represented
8 by separate counsel, has no bearing on this case. This is not a case in which Plaintiff appears
9 as the victim of juvenile crime.

10  Plaintiff has not shown either that he has any likelihood of succeeding on the merits,
11 or has he demonstrated that the issues involved are so complex, that he is ill-equipped to
12 proceed *pro se*. In fact, Plaintiff has been actively litigating this case, and in his pleadings
13 has demonstrated adequate appreciation of the issues and articulation thereof. Thus, there
14 are no exceptional circumstances here which would militate appointment of counsel. Having
15 failed to establish exceptional circumstances, Plaintiff's request for appointment of counsel
16 will be denied.

17  **IT IS ORDERED** that Plaintiff's "request for right to attorney under civil right of a
18 victim" (Doc. #120) is **DENIED**.

19  DATED this 7th day of May, 2010.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge