Erin E. Byrnes, State Bar No. 021015
Lisa S. Wahlin, State Bar No. 013979
**GRAIF, BARRETT & MATURA, P.C.**
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Tel: (602) 792-5700
Fax: (602) 792-5710
Email: ebyrnes@gbmlawpc.com
       lwahlin@gbmlawpc.com

*Attorneys for Defendants Torres and Saliaz*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kenneth Rulapaugh,<br><br>    Plaintiff,<br><br>vs.<br><br>Maricopa County Sheriff's Office, *et al.*,<br><br>    Defendants. | No. CIV-07-826-PHX-ROS<br><br>**JOINT PROPOSED PRETRIAL ORDER** |

Pursuant to the Scheduling Order entered December 7, 2010, following is the Joint Proposed Pretrial Order to be considered at the Final Pretrial Conference.

**A.     TRIAL COUNSEL FOR THE PARTIES**

      Plaintiff:      Kenneth D. Rulapaugh, *pro se*
                           Central Arizona Correctional Facility
                           P.O. Box 9600
                           Florence, AZ 85232

      Defendants:   Erin E. Byrnes (021015)
                           Lisa S. Wahlin (013979)
                           Graif Barrett & Matura, P.C.
                           1850 N. Central Avenue, Suite 500
                           Phoenix, AZ 85004
                           phone: 602-792-5700
                           fax: 602-792-5710

**B.     STATEMENT OF JURISDICTION/VENUE**

This Court has jurisdiction over Plaintiff's cause of action under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a).

**C. NATURE OF ACTION**

This is a civil rights action under 42 U.S.C. § 1983. Plaintiff, who at the time of the events that give rise to this action was an inmate in the Maricopa County jail, seeks damages for violations of his Fourteenth Amendment right to be free from jail conditions that amount to punishment. Plaintiff claims that Defendants failed to protect him from an assault by his cell mate that resulted in physical injury. Defendants deny these allegations.

**D. JURY/NON-JURY**

Plaintiff timely demanded a jury trial. Defendants do not contest the demand for jury trial.

**E. CONTENTIONS OF THE PARTIES**

**(1) Plaintiff's Contentions:**

a. To prevail on his failure to protect claim, Plaintiff must prove that Defendants Torres and Saliaz were deliberately indifferent; that is, they knew of and disregarded an excessive risk to Plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Plaintiff must prove that Defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that Defendants actually drew that inference. *Id.* Torres and Saliaz admitted Arevalo was violent crazy.

b. Plaintiff's life was in danger. Plaintiff can prove Defendants knew of Arturo Arevalo's violent nature.

**(2) Defendants' Contentions:**

a. To prevail on his failure to protect claim, Plaintiff must prove the Defendants Torres and Saliaz were deliberately indifferent; that is, they knew of and disregarded an excessive risk to Plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Plaintiff must prove that Defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that Defendants actually drew that inference. *Id.*

b. Defendants contend that Plaintiff cannot meet his burden of proof

1  and that Defendants were not deliberately indifferent. *Id.*

2  **F.  STIPULATIONS AND UNDISPUTED FACTS**

3   a. Plaintiff was booked into the Maricopa County jail system on May 13, 2006 on charges of sexual assault.

  b. Plaintiff underwent an initial classification assessment during which he was offered housing in administrative segregation because of the nature of his charges. Plaintiff refused administrative segregation.

  c. Two days later, Plaintiff submitted an Inmate Request Form asking to be placed in administrative segregation. Plaintiff was reclassified and placed into administrative segregation at the Towers jail.

  d. After the fight, Correctional Health Services staff examined Plaintiff, and he was transported by ambulance to the Maricopa Medical Center Emergency Room.

  e. Plaintiff was a pretrial detainee on October 26, 2006.

**G.  PLAINTIFF'S CONTENTIONS OF DISPUTED FACT**

  a. Plaintiff verbally requested administrative segregation on 05/14/06.

  b. On October 25, 2006, Plaintiff was attacked by Arturo Arevalo, one of his cell mates.

  c. Plaintiff told Torres he was in fear of extreme harm on 10/16/06 and 10/20/09 from Arturo Arevalo, and has proof.

  d. Plaintiff told Saliaz he was in fear of extreme harm on or about 11/20 or 11/22/06 from Arturo Arevalo, and has proof.

  e. Arturo Arevalo has history of violent insane behavior.

**H.  DEFENDANTS' CONTENTIONS OF DISPUTED FACT**

  a. Plaintiff did not advise Defendant Torres that he feared for his safety or that he felt threatened.

  b. On October 26, 2006, Plaintiff got into a fight with Arturo Arevalo, one of his cell mates.

  c. Plaintiff did not advise Defendant Saliaz that he feared for his safety or that

1  he felt threatened.

2    d. Plaintiff did not advise Defendant Torres that Arturo Arevalo had threatened his safety.

4    e. Plaintiff did not advise Defendant Saliaz that Arturo Arevalo had threatened his safety.

6    f. Neither Defendant believed, nor had reason to believe, that Plaintiff's safety was at risk.

**I. ISSUES OF LAW IN CONTROVERSY**

The issues of law are not in controversy.

**J. SEPARATE TRIAL OF ISSUES**

There are no issues for which a separate trial is advisable or feasible.

**K. WITNESSES**

**Plaintiff shall call the following witnesses at trial.**

| WITNESS | ANTICIPATED TESTIMONY | OBJECTION |
|---|---|---|
| Matthew Gray | To testify Plaintiff told Torres and Saliaz both about his fear of Arturo Arevalo, and ask both to move him. Also as to Arevalo's insane violent mood swings, even toward detention officers. | Defendants object to this testimony based on Rules 401, 402, 403, 801, and 802. |
| Steve Patton | To testify Plaintiff told Torres of his fear of the crazy acting Arturo Arevalo and ask for him to be moved. Including other insane acts of Arevalo. Also testify he and his two cell mates had to beat on the door and window before officers would respond to Plaintiff's yells and cries for help. | Defendants object to this testimony based on Rules 401, 402, 403, 801, and 802. |
| Officer Halucha | Testify what he saw as to Plaintiff's condition at time | Defendants object to this testimony on the basis of |

| | | |
|---|---|---|
| | of assault, before and after. | non-disclosure. |
| Nurse Chi Chi – "First name or nickname." (Worked at Towers Jail at time of assault.) | To testify as to condition of Plaintiff as officers carried him out of Tower 3 B Pod right after assault. She was at the scene and made a statement to officers. | |
| Nurse Candy | To testify of Plaintiff's condition. She observed as a nurse after assault and officers' attitude to Plaintiff's injuries. Worked at Towers Jail. | Defendants object to any testimony to any "officers' attitude" based on Rules 401, 402, 403, and speculation. |
| Mark Flickenstien | To testify to Plaintiff's condition right after he came back from hospital and L.B.J. infirmary and officers' attitude to Plaintiff's injuries. | Defendants object to any testimony to any "officers' attitude" on the basis of Rules 401, 402, 403, and speculation. |
| Richard Jenson | To testify to Plaintiff's condition right after he came back from hospital and L.B.J. infirmary and officers' attitude to Plaintiff's injuries. | Defendants object to any testimony to any "officers' attitude" based on Rules 401, 402, 403, speculation, and because it is cumulative. |
| Bobby Dulstrum | To testify as to Plaintiff's physical physique at job working at Bobby Dulstrum's shop before the assault. | Defendants object to this testimony based on Rules 401, 402 and 403. |
| Joseph Wayne | To testify as to Plaintiff's physical physique as to his jobs as a coworker, employee and boss before the assault. | Defendants object to this testimony based on Rules 401, 402, 403, and because it is cumulative. |
| William Morris | To testify as to Plaintiff's physical physique working for him before the assault. | Defendants object to this testimony based on Rules 401, 402, 403, and because it is cumulative. |
| Kenneth Rulapaugh | To testify as to what happened 10-08-06 through September 2008. His side of the facts not selective | |

5

|  |  |  |
|---|---|---|
|  | questions by the Defendants but the whole fact of the assault and the facts leading to it and facts after. |  |
| Officer Pedilia or Bedilia | To testify Plaintiff told her of his fears and ask to be moved to the administrative segregation on 5/14/09. | Defendants object to this testimony based on Rules 801, 802, and non-disclosure. |

**Defendants shall call the following witnesses at trial.**

| WITNESS | ANTICIPATED TESTIMONY | OBJECTION |
|---|---|---|
| Defendant Luis Saliaz | Detention Officer Saliaz is expected to testify regarding his contact and communications with Plaintiff prior to the October 25, 2006 incident. |  |
| Defendant David Torres | Detention Officer Torres is expected to testify regarding his contact and communications with Plaintiff prior to the October 25, 2006 incident. |  |
| Officer Lorenzo Fausto | Detention Officer Fausto is expected to testify regarding the actions he took to intervene in the October 25, 2006 incident and his observations of Plaintiff. |  |
| Officer George Galindo | Detention Officer Galindo is expected to testify regarding the actions he took to intervene in the October 25, 2006 incident and his observations of Plaintiff. |  |

/ / /

/ / /

6

**Plaintiff may call the following witnesses at trial.**

| WITNESS | ANTICIPATED TESTIMONY | OBJECTION |
|---|---|---|
| Surgeon Rhine Hurst, M.D. | To testify of County doctors' misdiagnoses of Plaintiff in the past, December 2003 when County doctors stopped pain medication and other meds the next day after surgery. | Defendants object to this testimony based on Rules 401, 402, 403, and non-disclosure. |

**Defendants may call the following witnesses at trial.**

| WITNESS | ANTICIPATED TESTIMONY | OBJECTION |
|---|---|---|
| Rick Bailey | Mr. Bailey is the classification supervisor and is expected to testify regarding Plaintiff's classification and housing assignment, as well as classification policies and procedures in general. | |
| Officer Jessica Macturk (#A9375) | Detention Officer Macturk is expected to testify regarding his/her interaction with Plaintiff during the classification process and Plaintiff's initial refusal of administrative segregation. | |
| Officer Rochelle Harlin (#A8376) | Officer Harlin is expected to testify regarding his/her Special Management Committee reviews of Plaintiff, including his/her communications with Plaintiff. The officer may also testify about the review process in general. | |
| Officer Ensign Beesley(#A4701) | Detention Officer Beesley is expected to testify regarding | |

7

| | Plaintiff's classification and housing assignment, and Plaintiff's May 15, 2006 request for administrative segregation. | |

**Plaintiff is unlikely to call the following witnesses at trial.**

| WITNESS | ANTICIPATED TESTIMONY | OBJECTION |
|---|---|---|
| | | |

**Defendants are unlikely to call the following witnesses at trial.**

| WITNESS | ANTICIPATED TESTIMONY | OBJECTION |
|---|---|---|
| Richard Seligson, M.D. | Dr. Seligson is expected to testify regarding his observations, and the diagnoses and treatment of Plaintiff in Maricopa Medical Center following the October 25, 2006 incident. | Shall cross-examine and recall Defendants' witness. Questions as to diagnoses as to compare to his misdiagnoses 12/3 - 12/10/2003 when Plaintiff had to have the surgeon Rhine Hurst, M.C. reorder medications. |
| Patrick Connell, M.D. | Dr. Connell is expected to testify regarding his observations, and the diagnoses and treatment of Plaintiff in Maricopa Medical Center following the October 26, 2006 incident. | Shall cross-examine and recall Defendants' witness. Questions as to diagnoses as to compare to his misdiagnoses 12/3 - 12/10/2003 when Plaintiff had to have the surgeon Rhine Hurst, M.C. reorder medications. |

**L.    EXPERTS**

Neither party has disclosed any expert witnesses.

**M.    EXHIBITS**

**Plaintiff's exhibits are as follows.**

| NO. | EXHIBIT | OBJECTION |
|---|---|---|

8

| | | | |
|---|---|---|---|
| 1 | 1 | Oct. 27, 2010 filed Response to Defendants' False Facts | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802 and lack of foundation. |
| 2 | 2 | Disciplinary records for Arturo Arevalo for 2006 | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation and non-disclosure. |
| 3 | 3 | Disciplinary records for Kenneth Daniel Rulapaugh for 2006 | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, and non-disclosure. |
| 4 | 4 | Video tape record of Tower 3 B Pod 10-16-06 between 3 PM – 7 PM | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, and non-disclosure. |
| 5 | 5 | Video tape record of Tower 3 B Pod 10-25-06 between 9 AM – 11AM | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, and non-disclosure. |
| 6 | 6 | Letter from Matthew Gray to Plaintiff at L.B.J. Infirmary | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 7 | 7 | Part of Rule 11 Report 1-22-07 of Dr. Joel E. Parker, M.D., P.C. | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document, and/or portion of the document, Plaintiff is attempting to identify. |
| 8 | 8 | 11/2/06 medical order for lower level/lower bunk | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 9 | 9 | 11-8-06 medical order for wheelchair for distance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non- |

| | | |
|---|---|---|
| | | disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 10 | 5-28-08 medical order for wheelchair with feet rests | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 11 | 9-23-08 A.D.C. medical order for bottom bunk/wheelchair cubicle | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, and non-disclosure. |
| 12 | 11-9-06 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 13 | 11-11-06 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 14 | 11-21-06 Grievance refused by detention officers | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 15 | 1-8-07 Inmate Request From | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 16 | 5-7-08 External Grievance Appeal | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |

| | | |
|---|---|---|
| 17 | 10-31-06 Inmate Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 18 | 4-18-08 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 19 | 8-15-08 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 20 | 9-20-08 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 21 | 11-6-06 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 22 | 12-26-06 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 23 | 12-2-06 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 24 | 5-25-07 Medical Request | Defendants object to this Exhibit |

|  |  |  |
|---|---|---|
|  |  | based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 25 | 9-26-07 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 26 | 4-28-08 Institutional Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 27 | 5-28-08 Institutional Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 28 | 6-18-08 External Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 29 | 6-26-08 Institutional Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 30 | 7-1-08 External Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 31 | 4-25-08 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non- |

| | | |
|---|---|---|
| | | disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 32 | 12-10-06 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 33 | 12-26-06 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 34 | Video tape record of Tower 2 D Pod 5-14-06 1:00 PM – 7:00 PM | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, and non-disclosure. |
| 35 | Video tape record of Tower 6 A Pod 11-10-06 all day | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, and non-disclosure. |
| 36 | 5-25-07 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 37 | 12-5-06 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 38 | 2-8-07 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 39 | Legal copies bills | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, |

| | | 802, lack of foundation, and non-disclosure. |
|---|---|---|
| 40 | Legal mailings bills | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, and non-disclosure. |
| 41 | Legal supplies bills | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, and non-disclosure. |
| 42 | Power of attorney Deborah Rocks legal expenses | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, and non-disclosure. |
| 43 | Hour outs for Tower 6 A Pod for 11-10-06 to be subpoenaed | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document(s) Plaintiff is attempting to identify. |
| 44 | Medical expenses | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document(s) Plaintiff is attempting to identify. |
| 45 | 4-14-08 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document(s) Plaintiff is attempting to identify. |

**Defendants' exhibits are as follows.**

| NO. | EXHIBIT | OBJECTION |
|---|---|---|
| 46 | Inmate Housing Inquiry for Plaintiff (MC 0038-0041) | Has <u>no bearing</u> on events of Oct. 2006 or actions of Torres and Saliaz, Judge said. |

| # | Description | Notes |
|---|---|---|
| 47 | Inmate Movement History for Plaintiff (MC 0042-0043) | Has no bearing on events of Oct. 2006 or actions of Torres and Saliaz, Judge said. |
| 48 | Policy DJ-1: Rules and Regulations for Inmates (MC 0119-0145) | |
| 49 | Plaintiff's signed acknowledgment of receipt of Rules and Regulations for Inmates (MC 0062) | |
| 50 | Initial Classification Evaluation (MC 0078) | All this type of evidence prejudice has no bearing of Oct. 2006. |
| 51 | Special Management Review Committee Reports (MC 0089-0090) | Judge has agreed that there was no inmate contact. Inmates have to be taken out of cell. |
| 52 | Initial Classification documents for Plaintiff (MC0078) | Has no bearing on events of Oct. 2006 or actions of Torres and Saliaz, Judge said. |
| 53 | Plaintiff's signed acknowledgement of the Inmate Classification Program. (MC 087) | The Judge has already state this had no effect to the actions of Torres and Saliaz Oct. 2006. |
| 54 | Plaintiff's signed refusal of administrative segregation (MC 0084) | Has no bearing on events of Oct. 2006 or actions of Torres and Saliaz, Judge said. |
| 55 | Plaintiff's request for administrative segregation (MC 0080-083) | Has no bearing on events of Oct. 2006 or actions of Torres and Saliaz, Judge said. |
| 56 | Jail Incident Report #06-178203 (MC 070-077) | |
| 57 | Inmate Housing Inquiry for Arturo Arevalo (MC 0456-457) | |
| 58 | Inmate Movement History for Arturo Arevalo (MC 0458-0460) | |
| 59 | Policy DF-1: Inmate Classification (MC 0461-0463) | Has no bearing on events of Oct. 2006 or actions of Torres and Saliaz, Judge said. |
| 60 | Policy DI-1: Inmate Housing Categories (MC 0464-0469) | Has no bearing on events of Oct. 2006 or actions of Torres and Saliaz, Judge said. |

| 61 | Policy DI-2: Administrative and Security Segregation (MC 0470-471) | Has <u>no bearing</u> on events of Oct. 2006 or actions of Torres and Saliaz, Judge said. |
|----|---|---|
| 62 | Policy DI-4: Special Management Review Committee (MC 0472) | |

**N.  MOTIONS IN LIMINE AND REQUESTED EVIDENTIARY RULINGS**

None.

**O.  PROBABLE LENGTH OF TRIAL**

Defendants anticipate that this case will take 2-3 trial days.

Plaintiff believes the trial may take up to 4 days.

**P.  TRIAL DATE**

The parties are available for trial on or after March 14, 2011.

_____     /s/ Erin E. Byrnes
Kenneth D. Rulapaugh                  Erin E. Byrnes
Plaintiff, *Pro Se*                   Lisa S. Wahlin
                                      Attorneys for Defendants


THIS JOINT PRETRIAL ORDER IS HEREBY APPROVED ON THIS \_\_\_\_ DAY OF _____, 2011.

_____
Roslyn O. Silver
United States District Judge

4845-1312-3592, v. 1

16


1. APPROVED AS TO FORM AND CONTENT: *I Am sending This To be Filed*
2. *Mss Byrnes In A Letter To Plaintiffs said she would be unavaible After*
3. *1/24/11 I Have to Have Copies made which Take Libnarian severaldays.*

4. *Kenneth D. Rulapaugh*
   Kenneth D. Rulapaugh  1-24-11
   Plaintiff, *Pro Se*

   Erin E. Byrnes
   Lisa S. Wahlin
   Attorneys for Defendants

THIS JOINT PRETRIAL ORDER IS HEREBY APPROVED ON THIS _____ DAY OF _____, 2011.

Roslyn O. Silver
United States District Judge

4838-6161-7928, v. 1

11