1  Lisa S. Wahlin, State Bar No. 013979
**GRAIF, BARRETT & MATURA, P.C.**
2  1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
3  Tel: (602) 792-5700
Fax: (602) 792-5710
4  Email: lwahlin@gbmlawpc.com

5  *Attorneys for Defendants Torres and Saliaz*

6

7  **IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**
8

| | |
|---|---|
| Kenneth Rulapaugh, | No. CIV-07-826-PHX-ROS |
| Plaintiff, | |
| vs. | **REVISED JOINT PROPOSED PRETRIAL ORDER** |
| Maricopa County Sheriff's Office, *et al.*, | |
| Defendants. | |

14      Pursuant to the Order entered October 19, 2011 (Dkt. 176), the parties submit the

15  following Revised Joint Proposed Pretrial Order to be considered at the Final Pretrial

16  Conference.

17  **A.    TRIAL COUNSEL FOR THE PARTIES**

18          Plaintiff:    Kenneth D. Rulapaugh, *pro se*
Central Arizona Correctional Facility
19                          P.O. Box 9600
Florence, AZ  85232
20
Defendants:  Lisa S. Wahlin (013979)
21                          Graif Barrett & Matura, P.C.
1850 N. Central Avenue, Suite 500
22                          Phoenix, AZ  85004
phone: 602-792-5700
23                          fax: 602-792-5710

24  **B.    STATEMENT OF JURISDICTION/VENUE**

25          This Court has jurisdiction over Plaintiff's cause of action under 42 U.S.C. § 1983

26  and 28 U.S.C. §§ 1331, 1343(a).

27

28

1  C.     **NATURE OF ACTION**

2         This is a civil rights action under 42 U.S.C. § 1983. Plaintiff, who at the time of the

3  events that give rise to this action was an inmate in the Maricopa County jail, seeks

4  damages for violations of his Fourteenth Amendment right to be free from jail conditions

5  that amount to punishment. Plaintiff claims that Defendants failed to protect him from an

6  assault by his cell mate that resulted in physical injury. Defendants deny these allegations.

7  D.     **JURY/NON-JURY**

8         Plaintiff timely demanded a jury trial.  Defendants do not contest the demand for

9  jury trial.

10  E.     **CONTENTIONS OF THE PARTIES**

11         **(1)   Plaintiff's Contentions:**

12              a.   To prevail on his failure to protect claim, Plaintiff must prove that

13  Defendants Torres and Saliaz were deliberately indifferent; that is, they knew of and

14  disregarded an excessive risk to Plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S.

15  825, 828 (1994). Plaintiff must prove that Defendants were aware of facts from which the

16  inference could be drawn that a substantial risk of serious harm existed, and that

17  Defendants actually drew that inference. *Id.* Torres and Saliaz admitted Arevalo was

18  violent crazy.

19              b.   Plaintiff's life was in danger.  Plaintiff can prove Defendants knew of

20  Arturo Arevalo's violent nature.

21         **(2)   Defendants' Contentions**

22              a.   To prevail on his failure to protect claim, Plaintiff must prove that

23  Defendants Torres and Saliaz were deliberately indifferent; that is, they knew of and

24  disregarded an excessive risk to Plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S.

25  825, 828 (1994). Plaintiff must prove that Defendants were aware of facts from which the

26  inference could be drawn that a substantial risk of serious harm existed, and that

27  Defendants actually drew that inference. *Id.*

28              b.   Defendants contend that Plaintiff cannot meet his burden of proof and

2

1    that Defendants were not deliberately indifferent. *Id.*

2    **F.    STIPULATIONS AND UNDISPUTED FACTS**

3         a.    Plaintiff was booked into the Maricopa County jail system on May 13, 2006

4    on charges of sexual assault.

5         b.    Plaintiff underwent an initial classification assessment during which he was

6    offered housing in administrative segregation because of the nature of his charges.

7    Plaintiff refused administrative segregation.

8         c.    Two days later, Plaintiff submitted an Inmate Request Form asking to be

9    placed in administrative segregation. Plaintiff was reclassified and placed into

10   administrative segregation at the Towers jail.

11        d.    After the fight, Correctional Health Services staff examined Plaintiff, and he

12   was transported by ambulance to the Maricopa Medical Center Emergency Room.

13        e.    Plaintiff was a pretrial detainee on October 26, 2006.

14   **G.    PLAINTIFF'S CONTENTIONS OF DISPUTED FACT**

15        a.    Plaintiff verbally requested administrative segregation on 5/14/06.

16        b.    On October 25, 2006, Plaintiff was attacked by Arturo Arevalo, one of his

17   cellmates.

18        c.    Plaintiff told Torres he was in fear of extreme harm on 10/16/06 and

19   10/20/09 from Arturo Arevalo, and has proof.

20        d.    Plaintiff told Saliaz he was in fear of extreme harm on or about 11/20 or

21   11/22/06 from Arturo Arevalo, and has proof.

22        e.    Arturo Arevalo has history of violent insane behavior.

23   **H.    DEFENDANTS' CONTENTIONS OF DISPUTED FACT**

24        a.    Plaintiff did not advise Defendant Torres that he feared for his safety or that

25   he felt threatened.

26        b.    On October 26, 2006, Plaintiff got into a fight with Arturo Arevalo, one of

27   his cellmates.

28        c.    Plaintiff did not advise Defendant Saliaz that he feared for his safety or that

1   he felt threatened.

2       d.      Plaintiff did not advise Defendant Torres that Arturo Arevalo had threatened

3   his safety.

4       e.      Plaintiff did not advise Defendant Saliaz that Arturo Arevalo had threatened

5   his safety.

6       f.      Neither Defendant believed, nor had reason to believe, that Plaintiff's safety

7   was at risk.

8   **I.      ISSUES OF LAW IN CONTROVERSY**

9       The issues of law are not in controversy.

10  **J.      SEPARATE TRIAL OF ISSUES**

11      There are no issues for which a separate trial is advisable or feasible.

12  **K.      WITNESSES**

13      **Plaintiff shall call the following witnesses at trial.**

| WITNESS | ANTICIPATED TESTIMONY | OBJECTION |
|---------|----------------------|-----------|
| Matthew Gray | To testify Plaintiff told Torres and Saliaz both about his fear of Arturo Arevalo, and ask both to move him. Also as to Arevalo's insane violent mood swings, even toward detention officers. | Defendants object to this testimony based on Rules 401, 402, 403, 801 and 802. |
| Steve Patton | To testify Plaintiff told Torres of his fear of the crazy acting Arturo Arevalo and ask for him to be moved. Including other insane acts of Arevalo. Also testify he and his two cellmates had to beat on the door and window before officers would respond to Plaintiff's yells and cries for help. | Defendants object to this testimony based on Rules 401, 402, 403, 801 and 802. |
| Officer Halucha | To testify what he saw as to Plaintiff's condition at time | Defendants object to this testimony on the basis of |

4

| | of assault, before and after. | non-disclosure. |
|---|---|---|
| Nurse Chi Chi – "First name or nickname." (Worked at Towers Jail at time of assault.) | To testify as to condition of Plaintiff as officers carried him out of Tower 3 B Pod right after assault. She was at the scene and made a statement to officers. | |
| Nurse Candy | To testify of Plaintiff's condition. She observed as a nurse after assault and officers' attitude to Plaintiff's injuries. Worked at Towers Jail. | Defendants object to any testimony to any "officers' attitude" based on Rules 401, 402, 403 and speculation. |
| Mark Flickenstien | To testify to Plaintiff's condition right after he came back from hospital and L.B.J. infirmary and officers' attitude to Plaintiff's injuries. | Defendants object to any testimony to any "officers' attitude" based on Rules 401, 402, 403 and speculation. |
| Richard Jenson | To testify to Plaintiff's condition right after he came back from hospital and L.B.J. infirmary and officers' attitude to Plaintiff's injuries. | Defendants object to any testimony to any "officers' attitude" based on Rules 401, 402, 403 and speculation and because it is cumulative. |
| Bobby Dulstrum | To testify as to Plaintiff's physical physique at job working at Bobby Dulstrum's shop before the assault. | Defendants object to this testimony based on Rules 401, 402, and 403. |
| Joseph Wayne | To testify as to Plaintiff's physical physique as to his jobs as a coworker, employee and boss before the assault. | Defendants object to this testimony based on Rules 401, 402, and 403 and because it is cumulative. |
| William Morris | To testify as to Plaintiff's physical physique working for him before the assault. | Defendants object to this testimony based on Rules 401, 402, and 403 and because it is cumulative. |
| Kenneth Rulapaugh | To testify as to what happened 10-08-06 through September 2008. His side of the facts not selective | |

| WITNESS | ANTICIPATED TESTIMONY | OBJECTION |
|---|---|---|
| | questions by the Defendants but the whole fact of the assault and the facts leading to it and facts after. | |
| Officer Pedilia or Bedilia | To testify Plaintiff told her of his fears and ask to be moved to the administrative segregation on 5/14/09. | Defendants object to this testimony based on Rules 801, 802, and non-disclosure. |
| Dr. Joel E. Parker, M.D., P.C. | To testify to his medical findings of MRI lumbar spine showing right disc protrusion L3-L4 with neuroforaminal stenosis. | Defendants object to this testimony on the basis of non-disclosure. |
| Dr. Gan, M.D. | To testify about lower level/lower bunk medical order and his reasons for that order 11/2/06 from what hospital medical reports. | Defendants object to this testimony based on Rules 401, 402, and 403. |
| Dr. Friedman, M.D. | To testify to his reasons of his 11/8/06 medical order for Plaintiff's use of a wheelchair for distance/duration from what hospital medical reports was his decision made and condition on 10/25/06. | Defendants object to this testimony based on Rules 401, 402, and 403. |

**Defendants shall call the following witnesses at trial.**

| WITNESS | ANTICIPATED TESTIMONY | OBJECTION |
|---|---|---|
| Defendant Luis Saliaz | Detention Officer Saliaz is expected to testify regarding his contact and communications with Plaintiff prior to the October 25, 2006 incident. | |
| Defendant David Torres | Detention Officer Torres is expected to testify regarding his contact and communications with Plaintiff prior to the October | |

|  |  |  |
|---|---|---|
|  | 25, 2006 incident. |  |
| Officer Lorenzo Fausto | Detention Officer Fausto is expected to testify regarding the actions he took to intervene in the October 25, 2006 incident and his observations of Plaintiff. |  |
| Officer George Galindo | Detention Officer Galindo is expected to testify regarding the actions he took to intervene in the October 25, 2006 incident and his observations of Plaintiff. |  |

**Plaintiff may call the following witnesses at trial.**

| WITNESS | ANTICIPATED TESTIMONY | OBJECTION |
|---|---|---|
| Surgeon Rhine Hurst, M.D. | To testify of County doctors' misdiagnoses of Plaintiff in the past, December 2003 when County doctors stopped pain medication and other meds the next day after surgery. | Defendants object to this testimony based on Rule 401, 402, 403 and non-disclosure. |

**Defendants may call the following witnesses at trial.**

| WITNESS | ANTICIPATED TESTIMONY | OBJECTION |
|---|---|---|
| Rick Bailey | Mr. Bailey is the classification supervisor and is expected to testify regarding Plaintiff's classification and housing assignment, as well as classification policies and procedures in general. | Plaintiff objects to this Testimony as irrelevant To actions of David Torres and Luis Saliez based on Rules 801, 802 |
| Officer Jessica Macturk (#A9375) | Detention Officer Macturk is expected to testify regarding his/her interaction with Plaintiff during the classification process and Plaintiff's initial refusal of | Plaintiff objects to this Testimony as irrelevant To actions of Luis Saliez and David Torres based on Rules 801, 802 |

| WITNESS | ANTICIPATED TESTIMONY | OBJECTION |
|---|---|---|
| | administrative segregation. | |
| Officer Rochelle Harlin (#A8376) | Officer Harlin is expected to testify regarding his/her Special Management Committee reviews of Plaintiff, including his/her communications with Plaintiff. The officer may also testify about the review process in general. | *Plaintiff objects to this testimony as irrelevant to Action's of Do, Torres And Do, Saliez based on Rules 801, 802* |
| Officer Ensign Beesley(#A4701) | Detention Officer Beesley is expected to testify regarding Plaintiff's classification and housing assignment, and Plaintiff's May 15, 2006 request for administrative segregation. | *Plaintiff objects to this testimony as irrelevant to Action's of Do, Torres And Do, Saliez based on Rules 801, 802* |

**Plaintiff is unlikely to call the following witnesses at trial.**

| WITNESS | ANTICIPATED TESTIMONY | OBJECTION |
|---|---|---|
| | | |

**Defendants are unlikely to call the following witnesses at trial.**

| WITNESS | ANTICIPATED TESTIMONY | OBJECTION |
|---|---|---|
| Richard Seligson, M.D. | Dr. Seligson is expected to testify regarding his observations, and the diagnoses and treatment of Plaintiff in Maricopa Medical Center following the October 25, 2006 incident. | Shall cross-examine and recall Defendants' witness. Questions as to diagnoses as to compare to his misdiagnoses 12/3 - 12/10/2003 when Plaintiff had to have the surgeon Rhine Hurst, M.C. reorder medications. |
| Patrick Connell, M.D. | Dr. Connell is expected to testify regarding his observations, and the diagnoses and treatment of | Shall cross-examine and recall Defendants' witness. Questions as to diagnoses as to compare to his |

8

| | | |
|---|---|---|
| | Plaintiff in Maricopa Medical Center following the October 26, 2006 incident. | misdiagnoses 12/3 - 12/10/2003 when Plaintiff had to have the surgeon Rhine Hurst, M.C. reorder medications. |

## L.   EXPERTS

Neither party has disclosed any expert witnesses.

## M.   EXHIBITS

**Plaintiff's exhibits are as follows.**

| NO. | EXHIBIT | OBJECTION |
|---|---|---|
| 1 | Oct. 27, 2010 filed Response to Defendants' False Facts | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802 and lack of foundation. |
| 2 | Disciplinary records for Arturo Arevalo for 2006 | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation and non-disclosure. |
| 3 | Disciplinary records for Kenneth Daniel Rulapaugh for 2006 | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, and non-disclosure. |
| 4 | Video tape record of Tower 3 B Pod 10-16-06 between 3 PM – 7 PM | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, and non-disclosure. |
| 5 | Video tape record of Tower 3 B Pod 10-25-06 between 9 AM – 11AM | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, and non-disclosure. |
| 6 | Letter from Matthew Gray to Plaintiff at L.B.J. Infirmary | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 7 | Part of Rule 11 Report 1-22-07 of Dr. Joel E. Parker, M.D., P.C. | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are |

| | | unable to ascertain which document Plaintiff is attempting to identify. |
|---|---|---|
| 8 | 11/2/06 medical order for lower level/lower bunk | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 9 | 11-8-06 medical order for wheelchair for distance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 10 | 5-28-08 medical order for wheelchair with feet rests | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 11 | 9-23-08 A.D.C. medical order for bottom bunk/wheelchair cubicle | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, and non-disclosure. |
| 12 | 11-9-06 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 13 | 11-11-06 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 14 | 11-21-06 Grievance refused by detention officers | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 15 | 1-8-07 Inmate Request From | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are |

| | | | unable to ascertain which document Plaintiff is attempting to identify. |
|---|---|---|---|
| | 16 | 5-7-08 External Grievance Appeal | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| | 17 | 10-31-06 Inmate Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| | 18 | 4-18-08 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| | 19 | 8-15-08 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| | 20 | 9-20-08 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| | 21 | 11-6-06 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| | 22 | 12-26-06 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| | 23 | 12-2-06 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, |

| | | |
|---|---|---|
| | | and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 24 | 5-25-07 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 25 | 9-26-07 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 26 | 4-28-08 Institutional Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 27 | 5-28-08 Institutional Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 28 | 6-18-08 External Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 29 | 6-26-08 Institutional Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 30 | 7-1-08 External Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |

| 31 | 4-25-08 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
|---|---|---|
| 32 | 12-10-06 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 33 | 12-26-06 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 34 | Video tape record of Tower 2 D Pod 5-14-06 1:00 PM – 7:00 PM | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, and non-disclosure. |
| 35 | Video tape record of Tower 6 A Pod 11-10-06 all day | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, and non-disclosure. |
| 36 | 5-25-07 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 37 | 12-5-06 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 38 | 2-8-07 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 39 | Legal copies bills | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, |

| | | |
|---|---|---|
| | | and 802, lack of foundation, and non-disclosure. |
| 40 | Legal mailings bills | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, and non-disclosure. |
| 41 | Legal supplies bills | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, and non-disclosure. |
| 42 | Power of attorney Deborah Rocks legal expenses | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, and non-disclosure. |
| 43 | Hour outs for Tower 6 A Pod for 11-10-06 to be subpoenaed | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 44 | Medical expenses | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 45 | 4-14-08 Medical Request | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 46 | 05-20-08 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 47 | 04-30-08 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 48 | 05-18-08 Grievance | Defendants object to this Exhibit |

| | | |
|---|---|---|
| | | based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 49 | 05-25-08 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 50 | 6-6-08 Grievance with Response | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 51 | 6-6-08 Grievance with Response | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 52 | 5-7-08 External Grievance with Response and 4-24-08 Grievance and Response | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 53 | 3-19-07 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 54 | 5-17-07 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |
| 55 | 09-26-07 Grievance | Defendants object to this Exhibit based on Rules 401, 402, 403, 801, and 802, lack of foundation, non-disclosure, and because they are unable to ascertain which document Plaintiff is attempting to identify. |

| 56 | MC 0039 | |
|----|---------|---|
| 57 | MC 0070 – MC 0074 | Defendants object to this Exhibit based on Rules 801 and 802, and lack of foundation. |
| 58 | MC 0076 | Defendants object to this Exhibit based on Rules 801 and 802, and lack of foundation. |
| 59 | MC 0089 - 0090 | Defendants object to this Exhibit based on Rules 801 and 802, and lack of foundation. |
| 60 | Plaintiff's Medical Records:<br>MC 0205; MC 0213; MC 0214;MC 0216 - MC 0228; MC 0233 - MC 0238; MC 0240 - MC 0241; MC 0244; MC 0248; MC 250; MC 0257 - MC 0260; MC 0264; MC 0269; MC 0271; MC 0304; MC 0307; MC 0317; MC 0344; MC 0351; MC 0355; MC 0359; MC 0410; MC 0413; MC 0415; MC 0418; MC 0425; MC 0431; MC 0433; MC 0446; MC 0452 | Defendants object to this Exhibit based on Rules 401, 402, 403, 801 and 802, and lack of foundation. |

**Defendants' exhibits are as follows.**

| NO. | EXHIBIT | OBJECTION |
|-----|---------|-----------|
| 61 | Inmate Housing Inquiry for Plaintiff (MC 0038-0041) | Has <u>no bearing</u> on events of Oct. 2006 or actions of Torres and Saliaz, Judge said. |
| 62 | Inmate Movement History for Plaintiff (MC 0042-0043) | Has <u>no bearing</u> on events of Oct. 2006 or actions of Torres and Saliaz, Judge said. |
| 63 | Policy DJ-1: Rules and Regulations for Inmates (MC 0119-0145) | Has No bearing on Events of oct 2006 or Actions of Torres and Saliaz based on Rules 401,402,403 |
| 64 | Plaintiff's signed acknowledgment of receipt of Rules and Regulations for Inmates (MC 0062) | Has No bearing on Events of oct 2006 or ACTions of Torres and Saliaz based on Rules 401,402, 403 |
| 65 | Initial Classification Evaluation (MC 0078) | All this type of evidence prejudice has <u>no bearing</u> of Oct. 2006. |
| 66 | Special Management Review Committee Reports (MC 0089-0090) | Judge has agreed that there was no inmate contact.  Inmates have to be |

16

| | | | taken out of cell. |
|---|---|---|---|
| | 67 | Initial Classification documents for Plaintiff (MC0078) | Has no bearing on events of Oct. 2006 or actions of Torres and Saliaz, Judge said. |
| | 68 | Plaintiff's signed acknowledgement of the Inmate Classification Program. (MC 087) | The Judge has already state this had no effect to the actions of Torres and Saliaz Oct. 2006. |
| | 69 | Plaintiff's signed refusal of administrative segregation (MC 0084) | Has no bearing on events of Oct. 2006 or actions of Torres and Saliaz, Judge said. |
| | 70 | Plaintiff's request for administrative segregation (MC 0080-083) | Has no bearing on events of Oct. 2006 or actions of Torres and Saliaz, Judge said. |
| | 71 | Jail Incident Report #06-178203 (MC 070-077) | Has No bearing of Action's of Torres and Saliaz based on Rules 401, 402, 403, 801, 802. |
| | 72 | Inmate Housing Inquiry for Arturo Arevalo (MC 0456-457) | Has no bearing on Events of Oct 2006 or Actions of Torres and Saliaz Rules 401, 402, 403, 801, 802 |
| | 73 | Inmate Movement History for Arturo Arevalo (MC 0458-0460) | Has No bearing on Events of Oct 2006 on Actions of Torres and Saliaz based on Rules 401, 402, 403, 801, 802 |
| | 74 | Policy DF-1: Inmate Classification (MC 0461-0463) | Has no bearing on events of Oct. 2006 or actions of Torres and Saliaz, Judge said. |
| | 75 | Policy DI-1: Inmate Housing Categories (MC 0464-0469) | Has no bearing on events of Oct. 2006 or actions of Torres and Saliaz, Judge said. |
| | 76 | Policy DI-2: Administrative and Security Segregation (MC 0470-471) | Has no bearing on events of Oct. 2006 or actions of Torres and Saliaz, Judge said. |
| | 77 | Policy DI-4: Special Management Review Committee (MC 0472) | Has No bearing on Events of oct 2006 on Actions of Torres and Saliaz Rules of 401, 402, 403, 801, 802 |

## N.   MOTIONS IN LIMINE AND REQUESTED EVIDENTIARY RULINGS

None.

## O.   PROBABLE LENGTH OF TRIAL

Defendants anticipate that this case will take 2-3 trial days.

Plaintiff believes the trial may take up to 4 days.

1   **P.      TRIAL DATE**

2          The parties are available for trial March 14, 2011.

3   APPROVED AS TO FORM AND CONTENT:

4   *PlainTiFF, objects To Defendant's Frivolous objections To TruTh & FacTS*

5   *Kenneth D. Rulapaugh*
    Kenneth D. Rulapaugh                    _____
6   Plaintiff, *Pro Se*                     Lisa S. Wahlin
                                            Attorney for Defendants
7

8
    THIS JOINT PRETRIAL ORDER IS HEREBY APPROVED ON THIS _____ DAY OF
9
    _____, 20___.
10

11
                                            _____
12                                          Roslyn O. Silver
                                            United States District Judge
13

14

15
    4845-1312-3592, v. 1
16

17   .

18   *PlainTiFF, APPoLogizes To The CourT being SeaT on LasT Day,*

19   *Because, of Librarian and ParaLegals uneThical behavior*

20   *And disregard To CourT DeadLines DaTes, Refussing To*

21   *make Copies in A Timely manner To Make Dead Line DaTes*

22                                    *Kenneth Rulapaugh*

23   *being mailed C.A.C.F, LegalMail 11/18/11*   *Kenneth D. Rulapaugh*

24

25

26

27

28

                                    18

1    **P.    TRIAL DATE**

2           The parties are available for trial March 14, 2011.

3    APPROVED AS TO FORM AND CONTENT:

4

5    _____          __/s/ Lisa S. Wahlin_____

6    Kenneth D. Rulapaugh             Lisa S. Wahlin
     Plaintiff, *Pro Se*              Attorney for Defendants

7

8    THIS JOINT PRETRIAL ORDER IS HEREBY APPROVED ON THIS _____ DAY OF

9    _____, 20___.

10

11                                   _____

12                                   Roslyn O. Silver
                                     United States District Judge

13

14

15   4845-1312-3592, v. 1

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      18

1

## <u>CERTIFICATE OF SERVICE</u>

2

            I hereby certify that on November 22, 2011, I caused the foregoing document to be
3   electronically transmitted to the Clerk's Office using the CM/ECF System for Filing.   I
    further certify that on this date I also mailed a copy of the foregoing document to Plaintiff
4   at the following address:

5   Kenneth D. Rulapaugh #96633
    Central Arizona Correctional Facility
    P.O. Box 9600
6   Florence, AZ  85132

7

8   /s/ Lynette Drafton Lohsandt_____

9

10  4845-1312-3592, v.  1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28